**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Hosey JACKSON, Defendant-Appellant.**

**No. 149, Docket 23200.**

United States Court of Appeals
Second Circuit.

Argued April 15, 1955.

Decided July 14, 1955.

Robert P. Freedman, Asst. U. S. Atty., Buffalo, N. Y. (John O. Henderson, U. S. Atty., Buffalo, N. Y., on the brief), for plaintiff-appellee.

Dean E. Higgins, Buffalo, N. Y., for defendant-appellant.

Before FRANK, MEDINA, and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Defendant Hosey Jackson was indicted and convicted for violating Section 2908 of Title 26 U.S.C., which section prohibits, inter alia, the reuse of certain liquor bottles. The pertinent part of that section reads:

"Any person who shall reuse any stamp provided under sections 2903 to 2909, inclusive, after the same shall have been once affixed to a bottle as provided therein, or who shall reuse a bottle for the purpose of containing distilled spirits which has once been filled and stamped under the provisions of said sections without removing and destroying the stamp so previously affixed to such bottle * * * shall for each such offense be fined not less than $100 nor more than $1,000, and be imprisoned not more than two years, in the discretion of the court, and such spirits shall be forfeited to the United States."

According to the defendant, the evidence presented by the government should never have been submitted to the jury because it clearly did not establish a violation of Section 2908. The government concedes that the only bottles reused by the defendant were bottles which had once contained blended whiskeys, and this was the evidence that went to the jury.

The issue, then, is narrowly framed, and we agree with the defendant that the reuse of blended-whiskey bottles is not the reuse of bottles "filled and stamped" under Sections 2903 to 2909.

Sections 2903 to 2909 are devoted entirely to the bottling of distilled spirits which are known as "bottled in bond" and the stamping of such bottles. "Bottled in bond" distilled spirits are those which must meet certain conditions as to age, proof, and content. Only spirits which meet the requirements can be stamped "bottled in bond." Thus, Section 2903(b) provides, "Every bottle when filled shall have affixed thereto and passing over the mouth of the same a stamp denoting the quantity of distilled spirits contained therein and *evidencing the bottling in bond of such spirits* under the provisions of this section and sections 2904 to 2909 * * *." (Emphasis supplied.)

It cannot be disputed that the bottles reused by the defendant were never stamped "bottled in bond." This for the simple reason that blended whiskeys cannot be so stamped, since they do not meet the requirements for "bottling in bond."

A reading of Sections 2903–2909 clearly shows that bottles filled and stamped under the sections are only those "bottled in bond."[1] Other bottles of distilled spirits have revenue stamps affixed

---

1. It is not necessary to set out at length the entire provisions of the sections. There are provisions for bottling in bond in a separate portion of bonded warehouses. There are prohibitions against the " * * * mingling of different products, or of the same products of different distilling seasons, or the addition or subtraction of any substance or material or the application of any method or process to alter or change in any way the original condition or character of the product except as herein authorized * * *." There are provisions for special "bottled in bond" stamps and the regulation of such stamps. Cases of bottled in bond spirits must have markings (burned, embossed, or printed), denoting the bottling in bond. Proof requirements must be met (pure water may be added to 100 per centum proof for spirits for domestic use and not less than 80 per centum proof for spirits for export), and also the age requirements (4 years). Clearly, only bottled-in-bond spirits are filled and stamped under the sections.

thereto, but they are not filled and stamped as "bottled in bond." [2]

The government argues that all bottles which contain distilled spirits (except, of course, "bootleg") were once filled and stamped under Sections 2903 to 2909. But by no standards of statutory construction, however liberal, can we find merit in the government's position. The government does not refer to any of the statutory language to support its contention. Its only reasoning seems to be that Congress must have intended that the sections be so read. In short, Congress wrote "red" but we must read "blue" because that is what Congress meant. There is no rational basis for reading the sections as the government asks.

It is interesting to note that the recent revision of the Internal Revenue Code amended Section 2908 to include within the prohibition of the statute other distilled spirits. Sections 5008, 5243, and 5643 of the I.R.C. of 1954, Aug. 16, 1954.

The House and Senate Committee Reports noted that

"This section [§ 5643] is a revision of section 2908 [I.R.C. (1939)] to supply the deficiency in that section, which provided penalties solely with respect to bottled in bond spirits and the containers therefor. This revision extends the existing law to all spirits bottled before or subsequent to withdrawal from bond and makes the same penalty applicable to all cases of reuse of stamps or bottles, whether or not the original contents of the bottles were bottled in bond spirits (sec. 2908)." 1954 U.S.Code Cong. & Adm.News, 4527 and 5193.

There is no need to consider other questions raised by the defendant. Since the defendant's reuse of bottles did not involve reuse of bottles once filled according to Sections 2903 to 2909, the judgment of conviction will be reversed and the cause will be remanded with directions that a judgment of acquittal be entered.

---

2. The government points out that when spirits are distilled, they are required to be placed in bond for the protection of the Revenue. In this sense, all liquor is bonded liquor.